UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11, No. 17-    -EDK |
|  | ) |  |
| SOUTHWORTH COMPANY | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

**EMERGENCY MOTION FOR INTERIM AND FINAL USE OF CASH COLLATERAL, TURNOVER OF CASH COLLATERAL AND GRANTING OF ADEQUATE PROTECTION**

To the HONORABLE ELIZABETH D. KATZ, Bankruptcy Judge:

Now comes the SOUTHWORTH COMPANY ("Southworth" or "Debtor"), the Debtor and Debtor-in-Possession in the above matter who through its counsel, the firm of Hendel & Collins, P.C., moves for the entry of an Order, pursuant to Sections 105(a), 363 and 364(c) of Title 11, Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Massachusetts Local Bankruptcy Rules, providing for (i) the interim use of cash collateral; (ii) turnover of cash collateral; (iii) providing adequate protection to ACF Finco I, LP and Byline Bank; and (iv) for the scheduling of a final hearing on the use of cash collateral.  In support of this Motion the Debtor represents as follows:

## BACKGROUND

1.   On September 27, 2017, the Debtor, filed a Voluntary Petition seeking relief under the provisions of Chapter 11.  No trustee or examiner having been requested or appointed, the Debtor plans to continue to operate its business on a limited

basis and to manage its affairs as a Debtor-in-Possession.

2.     Southworth is a privately owned Massachusetts corporation organized in 1839 and headquartered in Agawam, Massachusetts.  In 2006, Southworth acquired the Esleeck Paper Company in Turners Falls where it operates as Turners Falls Paper Company.  The Madison Park Group, a greeting card and gift company based in Seattle, Washington, was acquired in 2012 and operates as a division of the Debtor.

3.     Southworth has recently employed approximately 100 employees and has been engaged in the manufacture of specialty papers for baking and health care applications, envelopes, and office paper, as well as greeting cards and gifts.

## PRELIMINARY STATEMENT

4.     The Debtor, through this Motion, seeks authority to use such assets of the Debtor as may constitute cash collateral in accordance with the budget attached hereto as Exhibit "A". Use of cash is necessary to enable the Debtor to continue limited operations, compensate employees for pre-petition and post-petition wages and benefits, purchase materials, and to pay other ongoing usual and necessary expenses incurred in the operation of the business.

5.     Due to the circumstances facing the business, and the nature of the relief requested, the Debtor requests that an interim hearing on this Motion be scheduled as soon as possible as the use of cash is essential to avoid immediate and irreparable harm to the Debtor, its employees and its creditors.

6.   In accordance with Rule 4001 of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Bankruptcy Rules, the relief requested in this Motion entails the ongoing use of cash collateral in accordance with, the budget appended to this Motion and marked as Exhibit "A".

## JURISDICTION

7.   This Court has jurisdiction over this Motion under 11 U.S.C. §§157 and 1334.  This is a core matter within the meaning of 11 U.S.C. §157(b)(2).  Venue of this matter is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

## ASSETS AND LIABILITIES / SECURED DEBT

8.   As of the commencement of this case, the principal assets of the business and their approximate values are:

| | |
|---|---|
| Cash | $   0.00 |
| Accounts Receivables | $1,943,000.00 |
| Inventory | $3,194,000.00 |
| Machinery, equipment, motor vehicles, Office equipment, furniture and supplies | $7,202,000.00 |
| Other Assets, including trademarks, Copyrights, domain names and patents | Uncertain |
| SUBTOTAL | $12,339,000.00 |

Real Estate:

| | |
|---|---|
| 265 Main Street, Agawam, MA | $1,700,000.00 |
| 36 Canal Street, Turners Falls, MA | $2,240,000.00 |
| SUBTOTAL | $3,940,000.00 |
| TOTAL ASSETS | $16,279,000.00 |

9.   As of the date of the filing of the Petition the approximate liabilities of the Debtor's include:

Secured Debt:

| | |
|---|---|
| ACF Finco I, LP | $ 1,083,926.00 |
| Byline Bank | $ 2,233,315.00 |
| Priority wage and benefit claims, including estimate of employers taxes | $   445,451.51 |
| Unsecured Trade Debt | $ 4,800,000.00 |
| Underfunded Pension Obligations | $ 9,285,657.00 |
| TOTAL LIABILITIES | $17,848,349.51 |

10.   The Debtor is a party to a Loan Agreement with ACF Finco I, LP ("ACF" or "Bank") dated November 18, 2014 and most recently amended on August 18, 2017.  The loan documents as modified provide for a revolving line of credit in the amount of $3,000,000.00 and a term loan of $500,000.00. The total amount presently due to AFC on account of the credit line and the term note is approximately $1,083,926.00.  The total amount due to AFC includes a "last out" junior participation loan in the amount of $200,000.00 advanced by John G. Leness, the father of the President of the Debtor.

11.   The Debtor is informed that John G. Leness assents to this Motion.

12.   The AFC loans are secured by: a.) a first priority security interest in all of the personal property owned by the Debtor including, but not limited to, all accounts, account receivables, inventory, general intangibles, equipment, deposit accounts, and their proceeds, b.) a second priority mortgage on real estate located at 265 Main Street, Agawam, Massachusetts,

and c.) a second priority mortgage on real estate located at 36
Canal Road, Turners Falls, Massachusetts (the "AFC Collateral).
The Debtor believes that the loan documents are valid and
enforceable, and that AFC's security interest and mortgages are
properly perfected and not subject to avoidance.

13.    The AFC loan documents provide that receivables are to
be deposited to an account at BMO Harris Bank.  Prior to an
abrupt termination of financing by AFC, deposits to the BMO
Harris Bank were remitted to Southworth to fund ongoing
operations.  The relief sought by this Motion includes the entry
of an Order requiring BMO Harris Bank to turnover to the Debtor,
upon receipt, all monies that it receives on account of
obligations due to the Debtor and also authorizing account
debtors to pay their accounts directly to the Debtor.

14.    Southworth is also a party to Loan Agreements, now
held by Byline Bank ("Byline"), dated May 14, 2009. The loan
documents provided for a term note in the original amount of
$4,000.000.00. The amount presently due to Byline Bank on
account of the term note is approximately $2,233,315.00.

15.    The Byline loan is secured by: a.) a first priority
mortgage on real estate located at 265 Main Street, Agawam,
Massachusetts b.) a first priority mortgage on real estate
located at 36 Canal Road, Turners Falls, Massachusetts, and c.)
a second priority security interest in all of the personal
property owned by the Debtor including, but not limited to, all
accounts, account receivables, inventory, general intangibles,
equipment, deposit accounts, and their proceeds (the "Byline
Collateral").  The Debtor believes that the loan documents are
valid and enforceable, and that Byline's security interest and

mortgages are properly perfected and not subject to avoidance.

16.   On or about August 31, 2017, and a result of an abrupt
termination of financing, Southworth was obliged to layoff
substantially of its employees.

17.   Southworth has finished goods and partially completed
work in process having a value of $3,194,000.00.   If completed
and shipped, the value of this inventory will be maximized.   If
not completed and shipped, finished goods and partially
completed work in process will likely have a nominal liquidation
value.

18.   Southworth plans to resume operations on a limited
basis for the purpose of shipping finished goods, completing
work in process and taking all other actions necessary to
maximize the value of its assets.   Additionally, Southworth is
exploring opportunities to sell the business as a going concern.

                          RELIEF REQUESTED

19.   This Motion seeks authority to use cash collateral in
accordance with the appended budget thereby permitting the
Debtor to continue limited operations as the Debtor winds down
its business and explores opportunities to sell the business as
an ongoing concern.

20.   Absent the grant of relief the Debtor will suffer
immediate and irreparable harm in that the Debtor's operations
would permanently terminate, eliminating jobs, severely
diminishing the value of finished goods and work in progress and
eliminating the going concern value of the Debtor's assets.   The

granting of the requested relief, therefore, is in the best interest of the Debtor, AFC, Byline, the Debtor's employees, and the general unsecured creditor body.

## ADEQUATE PROTECTION

21.   Based on the estimated value of the collateral securing the claims of the secured creditors, the Debtor submits that its secured creditors enjoy a substantial equity cushion equating to "adequate protection" of their positions to which they are entitled to under Section 361 of the Bankruptcy Code. Furthermore, ongoing limited operations are projected to generate a surplus over secured claims thereby providing recovery for unsecured claimants.

22.   As further adequate protection of the security interests, the Debtor, subject to the terms of any interim or subsequent final order, proposes to grant AFC and Byline replacement liens in all post-petition property of the Debtor, of the same nature and to the same extent as the liens existing as of the petition date, subject only to the extent that such pre-petition liens are valid, enforceable, and non-avoidable.

## NOTICE

23.   In accordance with the provisions of MLBR 4001-2, notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) ACF Finco I, LP; (iii) Byline Bank; (iv) BMO Harris Bank; (v) to the largest twenty (20) creditors of the Debtor's estate; (vi) all creditors having requested notice pursuant to Rule 2002; (vii) taxing entities (notice parties); and (viii) the Debtor.

24.   The Debtor requests that Notice of the final hearing to be scheduled by the Court be deemed sufficient by service of the Interim Order providing for the use of cash, on parties requesting notice, the top twenty (20) creditors, taxing entities, the Office of the United States Trustee, and on any statutory committee of creditors appointed by the Office of the U.S. Trustee.  As the cost of providing notice to all creditors in these Chapter 11 cases would be expensive and would not, in the Debtor's view, confer any substantial benefit or detriment to the other parties, the Debtor requests that any further notice of the final hearing and of the relief requested other than as provided by the applicable rules and this Motion be waived.

WHEREFORE, the Debtor respectfully requests the entry of the attached interim Order authorizing the use of cash collateral; providing adequate protection to ACF and Byline; requiring BMO Harris Bank to turnover, upon receipt, all monies received by BMO Harris Bank on account of obligations due to the Debtor; authorizing account debtors to pay their accounts directly to the Debtor; scheduling a final hearing on the Motion, and prescribing the form and manner of the Notice of the final hearing authorizing the use of cash collateral.

                              SOUTHWORTH COMPANY

Dated:   September 28, 2017

                         By: /s/ JOSEPH B. COLLINS, ESQ.
                              JOSEPH B. COLLINS, ESQ.
                              (BBO No. 092660)
                              For HENDEL & COLLINS, P.C.
                              101 State Street
                              Springfield, MA   01103

Tel. (413) 734-6411
jcollins@hendelcollins.com



**Southworth Company**

| | October-2017 | November-2017 |
|---|---|---|
| **Cash Receipts** | | |
| Turners Falls Paper Accounts Receivable | 899,363 | 400,000 |
| Madison Park Accounts Receivable | 350,000 | 400,000 |
| **Total Cash Receipts** | **1,249,363** | **800,000** |
| | | |
| **Cash Disbursements** | | |
| **Payroll & Benefits** | | |
| Turners Falls Paper Pre-Petition Payroll | 118,856 | - |
| Madison Park Pre-Petition Payroll | 85,621 | - |
| Turners Falls Paper Skeleton Crew | 41,769 | 68,080 |
| Madison Park Skeleton Crew | 37,181 | 33,138 |
| Turners Falls Paper Pre-Petition Vacation | 154,575 | - |
| Madison Park Pre-Petition Vacation | 86,402 | - |
| **Total Payroll & Benefits** | **524,404** | **101,218** |
| | | |
| **Oeprating Disbursements** | | |
| **Turners Falls Paper** | | |
| Direct Energy | 22,000 | 22,000 |
| Eversource | 10,000 | 10,000 |
| Constellation Energy | 10,000 | 10,000 |
| Columbia Gas - Agawam | 160 | 160 |
| Berkshire Gas - Turners Falls | 11,000 | 11,000 |
| Telephone - Comcast | 2,500 | 2,500 |
| 401k | 15,027 | - |
| MA DEP | 4,980 | - |
| Miscellaneous | 10,000 | 10,000 |
| Insurance - D&O | 6,600 | 6,575 |
| Insurance - Property | - | 25,000 |
| Insurance - travelers | 4,622 | 4,622 |
| Standard Insurance | 200 | - |
| **Total Turners Falls Disbursements** | **97,089** | **101,857** |
| | | |
| **Madison Park Group** | | |
| Rent - Warehouse | 44,000 | 22,000 |
| Rent - Office | - | 10,000 |
| Electric | - | 1,200 |
| NAV - Microsoft License | 5,000 | - |
| Miscellaneous | 5,000 | 5,000 |
| UPS | 5,000 | 5,000 |
| Shipping Supplies | 4,000 | 6,000 |
| Inventory | 3,000 | 3,000 |
| **Total Madison Park Disbursements** | **66,000** | **52,200** |

EXHIBIT

A

tabbies'

| | | |
|---|---|---|
| **Total Payroll & Operating Disbursements** | 687,493 | 255,276 |
| | | |
| **Net Available for Amortization of Secured Debt** | 561,870 | 544,724 |
| | | |
| **Accounts Receivable reconciliation** | | |
| Balance at 9-26-2017 | 1,943,000 | 1,143,637 |
| Cash Collections | (1,249,363) | (800,000) |
| Shipments | 450,000 | 400,000 |
| End of Month A/R balance | 1,143,637 | 743,637 |
| | | |
| **Inventory Reconciliation** | | |
| Beginning Balance 9-26-2017 | 3,194,189 | 2,894,189 |
| Sales | (300,000) | (400,000) |
| End of Month Balance | 2,894,189 | 2,494,189 |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re | Chapter 11, No. 17-     -EDK |
| SOUTHWORTH COMPANY |  |
| Debtor |  |

## INTERIM ORDER ON MOTION FOR USE OF CASH COLLATERAL, TURNOVER OF CASH COLLATERAL AND GRANTING OF ADEQUATE PROTECTION

At Worcester, in said District, on this     day of September, 2017.

Upon the Motion of SOUTHWORTH COMPANY, the Debtor and Debtor-in-Possession in the above case, seeking the entry of an Order authorizing the use of such property of the Estate as may constitute cash collateral, upon notice as provided for by the applicable rules, the Court having determined that the grant of relief being in the best interest of the Debtor, its employees, its creditors, and its respective estate, it is hereby

ORDERED that the Motion is granted on an interim basis, subject to the terms and conditions of this Order, and it is further

ORDERED that the Debtor is authorized to use cash collateral on an interim basis, to pay such usual and necessary operating costs (a) consistent with the Bankruptcy Code, applicable Bankruptcy Rules, and the Massachusetts Local Bankruptcy Rules; and (b) the budget incorporated into the Debtor's Motion as Exhibit "A"; and (c) any and all Orders of

this Court; and it is further

ORDERED that in consideration of the authorization
providing for the Debtor's use of cash collateral, as adequate
protection ACF Finco I, LP, and Byline Bank are hereby granted
continuing and uninterrupted post-petition security interests in
all of the Debtor's assets (other than causes of action and
claims under Chapter 5 of the U.S. Bankruptcy Code or proceeds
thereof) to the extent of the validity, perfection, priority,
enforceability and sufficiency of their pre-petition liens or
security interests, to the extent of any diminution in value of
its pre-petition collateral or to the extent of all post-
petition advances, and it is further

ORDERED that the post-petition liens granted by this
interim Order shall be valid and fully perfected without any
further action by the Debtor or the Bank without the execution
or recording of any further security agreements, mortgages,
financing statements, or any other such documents; and it is
further

ORDERED that BMO Harris Bank shall turnover to the Debtor,
upon receipt, all monies that it receives on account of
obligations due to the Debtor; and it is further

ORDERED that the Debtor's account debtors are authorized to
pay their accounts directly to the Debtor; and it is further

ORDERED that the interim Order and the Debtor's right to
use cash collateral shall terminate upon:

1.   The conversion of the case to Chapter 7;

2.   The appointment of a Chapter 11 Trustee;

3.   The entry of final, unappealable Order terminating the Debtor's right to use the Bank's cash collateral; and

4.   The entry of a final unappealable Order confirming a Plan of Reorganization; and it is further

ORDERED that a final hearing on the Debtor's use of cash collateral will be held on _____ at _____, at the United States Bankruptcy Court located at 300 State Street, Springfield, Massachusetts. Any party wishing to oppose the entry of the final Order must file a written objection to the Motion for use of cash with the United Stated Bankruptcy Court for the District of Massachusetts, 300 State Street, Springfield, Massachusetts, 01105, and serve such objection on Hendel & Collins, P.C., 101 State Street, Springfield, Massachusetts, 01103, counsel to the Debtor, with a copy to the Office of the U.S. Trustee, 446 Main Street, Worcester, Massachusetts, 01068, and to ACF Finco I, LP and Byline Bank. Any and all objections must be received by parties entitled to notice on or before 4:00 p.m. on _____, 2017. Only those objections that are timely filed and served will be considered by the Court.

_____
HONORABLE ELIZABETHH D. KATZ
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re | Chapter 11, No. 17-    -EDK |
| SOUTHWORTH COMPANY | |
| Debtor | |

## CERTIFICATE OF SERVICE

    I, JOSEPH B. COLLINS, ESQ. of the law firm of HENDEL &
COLLINS, P.C., 101 State Street, Springfield, Massachusetts do
hereby certify that on the 28th day of September, 2017, I
electronically filed the Emergency Motion for Interim and Final
Use of Cash Collateral, Turnover of Cash Collateral and Granting
of Adequate Protection. I further hereby certify that upon
receipt of the Notice of Electronic Filing of the Motion, a copy
of said Motion will be served by first class mail, postage
prepaid, to any of the parties listed on the attached Exhibit
"A" not noted as having received electronic service, said
service being made on the 28th day of September, 2017.

                        /s/ Joseph B. Collins
                        JOSEPH B. COLLINS, ESQ.
                        (BBO No. 092660)
                        For HENDEL & COLLINS, P.C.
                        101 State Street
                        Springfield, MA 01103
                        Tel. (413) 734-6411
                        jcollins@hendelcollins.com

AMERICAN EXPRESS
P.O. Box 1270
Newark, NJ 07101-1270

Mr. Rudy M. D'Agostino
MEYERS BROTHERS KALICKA, P.C.
330 Whitney Avenue, Suite 800
Holyoke, MA 01040

SOUTHWORTH COMPANY
Attn: Mr. John S. Leness
265 Main Street
Agawam, MA 01101

CHASE CARD SERVICES
Cardmember Service
P.O. Box 15123
Wilmington, DE 19850-5123

Mr. Eric Lombardi, Jr.
MONSON PAPER, LLC
121 Memorial Drive
Springfield, MA 01104

OFFICE OF THE UNITED STATES
TRUSTEE
Attn: Richard T. King, Esq.
446 Main Street, 14th Floor
Worcester, MA 01608

Mr. Mark Snyder
CHENEY PULP AND PAPER COMPANY
P.O. Box 215
Franklin, OH 45005

NEENAH PAPER, INC.
2255 Brooks Avenue
P.O. Box 506
Neenah, WI 54957-0506

ACF FINCO I, LP
c/o Cullen and Dykman, LLP
Attn: Matthew G. Roseman, Esq.
100 Quentin Roosevelt Boulevard
Garden City, NY 11530

Ms. Erika L. Morrison
CONSTELLATION ENERGY SERVICES,
INC.
10 S. Dearborn Street
Chicago, IL 60603

SOUTHERN CELLULOSE PRODUCTS,
INC.
P.O. Box 2278
Chattanooga, TN 37409

ACF FINCO I, LP
580 White Plains Road, Suite
610
Tarrytown, NY 10591

Mr. Mark Snyder
DIRECT ENERGY BUSINESS
P.O. Box 215
Franklin, OH 45005

THE MADISON PARK GROUP, INC.
1407 11th Avenue
Seattle, WA 98122

INTERNAL REVENUE SERVICE
P.O. Box 7346
Philadelphia, PA 19101

EVERSOURCE
P.O. Box 650851
Dallas, TX 75265-0851

SOUTHWORTH COMPANY PENSION PLAN
Attn: Mr. John S. Leness
265 Main Street
Agawam, MA 01001

MASSACHUSETTS DEPARTMENT OF
REVENUE
P.O. Box 7010
Boston, MA 02204

GREENVILLE COLORANTS
20 Linden Avenue East
Jersey City, NJ 07305

TOWN OF MONTAGUE
1 Avenue A
Turners Falls, MA 01376

BYLINE BANK
500 W. Elm Grove Road
Suite 104
Elm Grove, WI 53122

KEMIRA CHEMICALS, INC.
1950 Vaughn Road
Kennesaw, GA 30144

VALMET, INC. HUDSON FALLS DIV.
Lockbox 75345
Charlotte, NC 28275

BMO HARRIS, N.A.
a/k/a Harris, N.A.
d/b/a Harris Trust and Savings
Bank
111 West Monroe Street
Chicago, IL 60690

KENT TARRANT
P.O. Box 496
Hampden, MA 01036-0496

Mr. Joe Point
WARNER BABCOCK INSTITUTE FOR
GREEN ENERGY
100 Research Drive
Wilmington, MA 01887

BMO HARRIS, N.A.
a/k/a Harris, N.A.
d/b/a Harris Trust and Savings
Bank
2277 E. 220th Street, 1st Floor
Carson, CA 90810

LEO PAPER, USA
1180 NW Maple Street #102
Issaquah, WA 98027

WILLIAM C. BLANKER
72 Meadow Wood Drive
Greenfield, MA 01301